[Cite as *State v. Castro*, 2017-Ohio-112.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANGELA CASTRO | : | Case No. 16-CA-08 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Municipal Court,
                                        Case No. 15TRC06800



JUDGMENT:                               Affirmed



DATE OF JUDGMENT:                       January 9, 2017



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DANIEL E. COGLEY                        DORIAN KEITH BAUM
136 West Main Street                    123 South Broad Street
Lancaster, OH  43130                    Suite 201
                                        Lancaster, OH  43130

*Farmer, P.J.*

{¶1} On June 20, 2015, Fairfield County Sheriff's Deputy Trent Temper received a tip from the Postmaster for Bremen, Ohio, that one of his employees, appellant, Angela Castro, was potentially intoxicated while she was delivering mail. Deputy Temper located appellant and observed two marked lane violations. Deputy Temper initiated a traffic stop and conducted field sobriety tests. Thereafter, appellant was charged with operating a motor vehicle while impaired in violation of R.C. 4511.19(A)(1)(a) and (2) and marked lane violation under R.C. 4511.33.

{¶2} On September 24, 2015, appellant filed a motion to suppress, claiming an illegal stop and arrest. A hearing was held on December 11, 2015. By entry filed December 28, 2015, the trial court denied the motion.

{¶3} A jury trial commenced on January 24, 2016. The jury found appellant guilty of the (A)(1)(a) charged and the marked lane violation. The state had dismissed the (A)(2) charge. By judgment entry filed January 28, 2016, the trial court sentenced appellant to ninety days in jail, eighty days suspended, and imposed a $375 fine.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DETERMINING THAT THE TRAFFIC STOP OF APPELLANT BY LAW ENFORCEMENT WAS SUPPORTED BY REASONABLE AND ARTICULABLE SUSPICION THAT CRIMINAL ACTIVITY WAS AFOOT PRIOR OR THAT A TRAFFIC VIOLATION OCCURRED WHICH WOULD PROVIDE REASONABLE TO LAWFULLY INITIATE A TRAFFIC STOP OF THE

APPELLANT'S VEHICLE, AND ERRED IN FAILING TO RECOGNIZE THAT THE OFFICER'S CONDUCT WAS PREDICATED UPON LITTLE MORE THAN A HUNCH, THEREBY ALLOWING AN UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF ARTICLE 1 SECTIONS 10, 14, AND 16 OF THE OHIO CONSTITUTION AND THE 4TH, 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

II

{¶6}   "THE TRIAL COURT ERRED BY INCORRECTLY DETERMINING THAT LAW ENFORCEMENT LAWFULLY FORMED PROBABLY CAUSE THAT THE APPELLANT HAD COMMITTED THE TRAFFIC OFFENSE OF OPERATION OF A VEHICLE WHILE INTOXICATED, AND THEREFORE UNLAWFULLY PLACED THE APPELLANT UNDER ARREST FOR SAID CHARGE, THEREBY IMPROPERLY FAILING TO SUPPRESS THE EVIDENCE OF SAID STOP AND ARREST, ALLOWING AN UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF ARTICLE 1, SECTIONS 10, 14, AND 16 OF THE OHIO CONSTITUTION AND THE 4TH, 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

III

{¶7}   "THE TRIAL COURT ERRED BY INCORRECTLY STATING THE MANDATORY MINIMUM SENTENCE FOR A FIRST OFFENSE OF OPERATION OF A VEHICLE WHILE INTOXICATED (OVI), WHICH MAY HAVE LED THE COURT TO IMPROPERLY DETERMINE THAT IT WAS BOUND TO SENTENCE THE APPELLANT TO A LONGER INCARCERATION TERM THAN WAS ACTUALLY MANDATED BY STATUTE."

I, II

{¶8}   Appellant claims the trial court erred in denying her motion to suppress as Deputy Temper merely relied on a "tip" from her employer and lacked a reasonable suspicion of criminal activity to initiate the stop, lacked justification to extend the stop, and lacked probable cause to arrest her.  We disagree.

{¶9}   As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).   On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).   Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶10}  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶11}  In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."  However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  *Id*. at 21.  Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer.  *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search.  Probable cause to arrest focuses on the prior actions of the accused.  Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. *State v. Timson,* 38 Ohio St.2d 122 (1974).  A determination of probable cause is made from the totality of the circumstances.  Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals, and location. Katz, *Ohio Arrest, Search and Seizure,* Sections 2:13-2:19, at 59-64 (2009 Ed.).  As the United States Supreme Court stated when speaking of probable cause "we deal with probabilities.  These are not technical; they are the factual and

practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States, 338 U.S. 160, 175* (1949).

{¶12}  In denying the motion to suppress, the trial court in its entry filed December 28, 2015, acknowledged Deputy Temper's initial attention to appellant was the result of the tip from her employer, but before he initiated the stop, he observed two violations:

> 5. Deputy Temper observed Ms. Castro's vehicle make two successive lane violations, and stopped her vehicle in the parking lot of Westerman's at 245 N. Broad Street in Bremen.

> 6. Deputy Temper testified that as he was approaching Ms. Castro's vehicle, he observed that she had glassy eyes, that she was unsuccessfully attempting to light a cigarette, and thereafter put a piece of chewing gum in her mouth.  Despite the chewing gum, Deputy Temper testified that he was able to detect an odor of an alcoholic beverage.

> 7. Deputy Temper then had Ms. Castro get out of her vehicle and requested that she perform various field sobriety tests, and she complied.

{¶13}  We find the testimony given during the suppression hearing supports the trial court's finding that Deputy Temper observed "two successive lane violations" before he initiated the stop.  December 11, 2015 T. at 6-7.  After stopping the vehicle, Deputy Temper detected a strong odor of alcohol, and observed that appellant had "bloodshot, glassy eyes." *Id.* at 7, 9.  Deputy Temper conducted field sobriety tests. *Id.* at 9.  During the horizontal gaze nystagmus test, Deputy Temper observed six out of six clues. *Id.* at

14. During the walk and turn test, he observed two clues, and during the one leg stand test, he observed four clues. *Id.* at 16-18. Based upon his personal observations and appellant's performance on the field sobriety tests, Deputy Temper arrested appellant for operating a motor vehicle while impaired. *Id.* at 19.

{¶14} We find the trial court's findings and conclusions to be supported by the record.

{¶15} In addition, the traffic violations, although de minimis, constituted sufficient articulate facts to warrant the stop.

{¶16} Upon review, we find the trial court did not err in denying the motion to suppress.

{¶17} Assignments of Error I and II are denied.

III

{¶18} Appellant claims the trial court erred in sentencing her to ten days in jail because ten days is not the minimum sentence, and the trial court was incorrect in stating ten days was the mandatory minimum sentence. We disagree.

{¶19} During the January 28, 2016 sentencing hearing, the trial court stated it would impose the minimum fine of $375, but never stated the mandatory minimum sentence was ten days (T. at 3-4):

> THE COURT: Um, as far as jail sanction, there's going to be a, um, 90 day jail sentence in this case. Um, at this point, uh, the Court is going to impose a, uh, is going to suspend 80 of those days, there will be a 10 day jail sentence or it can be, uh, 3 days of a driver's intervention program and

an additional 7 days in the county jail.  The minimum on this would be, uh,

6 days in jail or 3 days jail and the 3 day driver intervention program.

{¶20}  Upon review, we do not find any error or prejudice to appellant in the trial court's determination of the jail sentence coupled with a driver intervention program.

{¶21}  Assignment of Error III is denied.

{¶22}  The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Baldwin, J. concur.

SGF/sg 129